**David A. BETTIS, Plaintiff,**

v.

**DEPARTMENT OF HUMAN SERVICES OF THE STATE OF ILLINOIS, as the Successor Agency of the Department of Mental Health and Developmental Disabilities, Defendant.**

No. 98–3029.

United States District Court,
C.D. Illinois,
Springfield Division.

Oct. 25, 1999.

Grady F. Holley, Mark S. Atterberry, Springfield, IL, for plaintiff.

Gregory T. Riddle, Steven Matrisch, Springfield, IL, for defendant.

*OPINION*

RICHARD MILLS, District Judge.

Does an employer's refusal to grant a disabled employee a promotion into a higher paying position as a reasonable accommodation violate the ADA?

Not under these facts.

Defendant's motion for summary judgment allowed.

### I.   Facts

Plaintiff David Bettis is employed as an Institutional Maintenance Worker by the Department of Human Services ("DHS"), the successor agency of the Department of Mental Health and Developmental Disabilities ("DMHDD"). In that capacity, Bettis is responsible for performing routine and preventive maintenance on laundry equipment. He also suffers from Crohn's disease, a condition that affects the digestive tract causing diarrhea, which in turn, makes him prone to dehydration, fatigue, muscle cramps, fever, joint pain, and episodic hypokalemic paralysis. Due to the disease, Bettis underwent a total proctocolectomy with a continent ileostomy[1] to

---

1.  A total proctocolectomy is the removal of    the colon. A continent ileostomy is the cre-

alleviate the symptoms of the disease. In addition, the symptoms of the disease caused him to take leave from his job as a maintenance worker in the laundry room over the course of several years.

Since the hot work environment in the laundry room aggravated his condition, Bettis requested his employer to accommodate his illness during the fall of 1995. Bettis requested, *inter alia,* air conditioning, breaks, and cool-down time to alleviate his symptoms. His request was denied.

In 1996, four vacancies for the position of Stationary Fireman at the Jacksonville Developmental Center ("JDC") were announced. The JDC operates its own power-plant, generating electricity by the burning of coal. The duties and responsibilities of a Stationary Fireman include operating large coal fired boilers to create steam to generate electricity, washing boilers, scraping and cleaning drums, feeding and vacuuming pumps, shutting down, cleaning, and assisting with repair of boilers and furnaces. The annual salary for a Stationary Fireman was $45,768 as compared to $26,064 for Bettis' current job. Bettis was interested in the position because the Stationary Fireman position had a night shift; he believed that working the night shift would mitigate the symptoms of his disease because nights generally were cooler than days. The parties dispute whether Bettis told William Glaze, Jr., the ADA coordinator for the Department at JDC, about his belief that the Stationary Fireman position would alleviate his symptoms.

On July 22, 1996, Bettis applied for a Stationary Fireman position, was interviewed, and received a score of 3.80. Bettis' score placed him ninth among the candidates interviewed. Eventually, four other candidates were hired instead of Bettis.

ation of an artificial excretory opening through a patient's abdominal wall into the

Bettis subsequently instituted this action alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* He alleged that his employer failed to reasonably accommodate his disability by refusing to place him in the position of a Stationary Fireman. Parties filed cross-motions for summary judgment, and Bettis filed a motion in limine.

## II. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see Ruiz–Rivera v. Moyer,* 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *See Howland v. Kilquist,* 833 F.2d 639 (7th Cir.1987).

ileum, with a pouch.

## III.  Discussion

The ADA requires an employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). "The term 'reasonable accommodation' may include ... reassignment to a vacant position." 42 U.S.C. § 12111(9).

■ Although there are many issues raised by both parties in their motions for summary judgment, the Court finds that a single issue—whether reassignment to a Stationary Fireman position is a reasonable accommodation under the ADA—is dispositve of the case.  With regard to this issue, the Court emphasizes the fact that Plaintiff merely relies on the theory that Defendant's failure to place him into the Stationary Fireman position as a "reasonable accommodation" violated the ADA. *See* Complaint ¶ 18 ( [b]y failing or refusing to place Mr. Bettis into one of the four vacant fireman positions, the Department violated ... the Act....); Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 12 ("[Plaintiff] wishes to hold the defendant responsible for failing to accommodate him on January 3, 1997, when the defendant refused his request to be reassigned to the position of stationary fireman.")  Thus, the Court will only determine if there are any issues of material facts with regard to whether the *reassignment into a Stationary Fireman position*, as opposed to another position in general, is a "reasonable accommodation" in this case.  Conversely, the Court will not address whether Defendant should have considered other "reasonable accommodations" for Plaintiff, since Plaintiff does not rely on any other

acts, or failure to act, as a basis for liability.

Defendant argues that reassigning Plaintiff to a Stationary Fireman position would be an unreasonable accommodation because it constitutes a promotion, which the ADA does not require employers to give as accommodations.  First, Defendant points to the undisputed fact that a Stationary Fireman position pays $45,768 per year, which is $19,704 per year more than what Plaintiff was earning in his current position.  That increase in pay, Defendant argues, is a promotion.  Surprisingly, Plaintiff admitted that the increase in pay was a "promotion." *See* Plaintiff's Response to Defendant's Statement of Undisputed Facts ¶ 16 ([Plaintiff] admits that being hired from an institutional maintenance worker position into a stationary fireman position is considered a "promotion," if by "promotion" the defendant means that the latter position pays more than the former.) [2]  Next, Defendant cites *Malabarba v. Chicago Tribune Co.*, 149 F.3d 690, 698 (7th Cir.1998), for the proposition that "an employer does not have to accommodate a disabled employee by promoting him or her to a higher level position." Therefore, the argument goes, Defendant could have refused Plaintiff's request of reassignment into the Stationary Fireman position without violating the ADA.

Plaintiff's response to this argument appears to be somewhat beside the point and confusing.  He argues that, generally, there is no duty to reassign disabled employees into higher-paying positions because such accommodation would be an unreasonable imposition on the employers and the employees.  However, such hardship is not present in this case because Defendant's own policy does not prohibit a promotion as a reasonable accommodation but, in some cases, permits such a promotion.  Thus, Plaintiff argues that the "no promotion" rule should not apply.

**2.**  This response violates Local Rule 7.1(D)(2), which requires all contested facts be sup-

ported by citation to discovery materials.

This argument is flawed for several reasons. First, an employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 498 (7th Cir.1996) (citation omitted). Thus, Defendant could have placed him into another position with similar pay as Plaintiff's current position, if such a position was available. Plaintiff is not entitled to the Stationary Fireman position solely because he requested it. Second, any employer, with or without a policy, could promote its employees (disabled or not) in order to accommodate the employee's condition. Thus, having a policy that permits promotions does not, in itself, show that a promotion is a "reasonable accommodation" under the ADA. What is important is that the ADA does not require employers to promote the employees. *A priori*, employer's failure to promote, *per se*, cannot constitute a violation of the ADA. Third, an additional reasoning behind the "no promotion" rule is that the ADA was not designed as an "affirmative action in favor of individuals with disabilities," but that it was enacted to level the playing field. *See Malabarba*, 149 F.3d at 700. But, giving individuals with disabilities a promotion as a reasonable accommodation would go beyond the intent behind the ADA by giving an impermissible advantage to disabled workers to the detriment to non-disabled employees. Therefore, the Court finds that an employer's refusal to give a disabled employee a promotion as a reasonable accommodation cannot be a violation of the ADA.[3]

In sum, the Court finds that there are no genuine issues of material facts as to the following:

1. Plaintiff is solely relying on Defendant's refusal to place Plaintiff into the Stationary Fireman position as the basis of his claim (as opposed to proceeding under a theory that Defendant refused reasonable accommodations in general);

2. being placed into the Stationary Fireman position would be a "promotion;" and that,

3. Defendant was not required to place Plaintiff into the Stationary Fireman position as a "reasonable accommodation" because the ADA does not require Defendant to provide a promotion as an accommodation.

Thus, even if the Court views all facts in favor of Plaintiff, he cannot succeed in his ADA claim because his theory of recovery is legally insufficient. As a matter of law, Plaintiff cannot hold Defendant liable under the ADA for its refusal to give a promotion as a reasonable accommodation, because an employer is not required to give a promotion as a reasonable accommodation under the ADA.

*Ergo*, Defendant's Motion for Summary Judgment is allowed. Summary Judgment is entered in favor of Defendant, and this case is hereby closed. All other pending motions are denied as moot.

---

**3.** The Court bases its holding on the reasoning of the *Malabarba* case.